UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

R & R BOATS, INC.                    *    CIVIL ACTION NO. 2:24-cv-01875
                                     *
                                     *    SECTION: "L"(1)
VERSUS                               *
                                     *    JUDGE ELDON E. FALLON
                                     *
GOL, LLC                             *    MAGISTRATE JUDGE
                                     *    KAREN WELLS ROBY

**********************************    *

**ORDER AND REASONS**

Before the Court is Plaintiff R & R Boats, Inc.'s ("R & R") Motion to Fix Award of Attorney's Fees. R. Doc. 97.Defendant GOL, LLC ("GOL") filed a timely opposition to this motion, R. Doc.101, and Plaintiff filed a reply in kind, R. Doc. 106. Having considered the briefing, record, and applicable law, the Court rules as follows.

## I.      BACKGROUND

This case resulted from the breach of a Brokerage Agreement entered into by Plaintiff R & R Boats and Defendant GOL, LLC. Under the terms of the Brokerage Agreement, Defendant was required to use reasonable efforts to obtain from the charterer provisions for payment within a reasonable time. Plaintiff, under the Brokerage Agreement, performed work arranged by the Defendant, for charterer, Cox, on several oil wells off the coast of Louisiana. Per the terms of the Master Time Charter, Cox was bound to pay Defendant for any invoices within forty-five (45) days of receipt of the invoices. In turn, Defendant was to remit net charter hire to Plaintiff within 15 days. Defendant entered into the charter agreement with Cox despite knowledge that Cox was on the brink of bankruptcy and not paying their vendors. On or about May 14, 2023, Cox did file for bankruptcy relief.  Immediately prior to these proceedings, as the bankruptcy documents show,

GOL collected millions in payments for services rendered by R&R's vessels under the invoices, yet GOL failed to remit payment to R&R.

Plaintiff filed suit in the U.S. District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C 1333, seeking damages for breach of contract.  At the time of the filing, R&R had received none of the amounts owed under the invoices. Initially, R & R brought two claims: one for breach of a brokerage agreement under maritime law, and a second claim for violation of the Louisiana Open Account Statute. Following a motion for summary judgement, the second claim was voluntarily dismissed by R & R, who conceded that the case was governed by maritime law, not Louisiana law.

This matter came on for trial before the Court without a jury on January 13 and 14, 2026. The Court found for R&R Boats in the amount of $1,430,000. R&R was awarded prejudgment interest of the rates fixed by La. R.S. § 9:3500(B)(1) from May 30, 2023 to date, post-judgment interest of 3.47% per annum from date of judgment until paid, and reasonable attorneys' fees and costs.  On March 31, 2026, R & R motioned to fix attorney's fees in the amount of $351,343.63.

## II. PRESENT MOTION

GOL opposes R & R's motion to fix attorney's fees, arguing that R & R did not sufficiently plead entitlement to attorney's fees and that the attorney's fees requested should be substantially reduced. It argues that there are multiple categories of time entries which should be either excluded completely or reduced, including those for (1) improper subpoenas, (2) excessive hours for trial attendance, (3) plaintiff's counsel's retention of outside counsel to defend the motion to disqualify, (4) R & R's filing of an Amended Complaint, (5) R & R's voluntarily dismissed claim under the Louisiana Open Account Statute, and (6) potentially erroneous claims demonstrating a lack of billing judgement.

In its reply, R & R generally rejects GOL's claims. It states that the attorney's fee request was specially plead in the prayer for relief in the amended complaint pursuant to Federal Rule of Civil Procedure 9(g), and thus GOL was properly put on notice. R & R also avers that GOL's complaints about the bills were unfounded, that the attorney's fees were necessary in furtherance of the trial and reasonably calculated. However, R & R did concede that two billing entries were erroneous and reduced the amount requested to $350,485.63.

### III. APPLICABLE LAW

When attorneys' fees are awarded, the Court engages in a two-step process to determine whether the claimed fees are reasonable. *Matter of Fender*, 12 F.3d 480, 487 (5th Cir. 1994). The "lodestar" method is routinely used to determine attorney's fee awards in federal civil actions, including actions brought under maritime law, and both parties use that method in their motions. First, the Court computes the lodestar "by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work." *Id.*; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). There is a strong presumption that the lodestar is sufficient, but the party requesting fees bears the burden of proving that the rates charged and hours expended are reasonable. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Green v. Admin'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002). The Court may then "adjust[] the lodestar upward or downward

depending upon the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[1]" *Fender*, 12 F.3d at 487.

**IV.    DISCUSSION**

### 1.  R & R Specially Plead Attorney's Fees

GOL contends that R & R is not entitled to attorneys' fees because it did not specially plead them in the complaint, and that the entitlement to attorney's fees it asserted were specifically in reference to R & R's claim premised on the Louisiana Open Account Statute.

However, as asserted in its reply, R & R included a request for attorney's fees in the prayer for relief in the amended complaint, R. Doc. 19 at 5–6.  There is no indication that this request for relief was only applicable to the Open Account claim. Further, in addressing the breach of brokerage agreement claim specifically, R & R requested "any and all money to which R & R may be entitled . . . under governing law." *Id.* Thus, R & R sufficiently plead attorneys' fees in its Amended Complaint and GOL was properly put on notice. R & R is entitled to reasonable attorneys' fees as provided by the judgement.

### 2. Attorney's fees for costs incurred with regards to subpoenas, trial attendance, and other general tasks were reasonable.

GOL asserts that R & R issued a number of subpoenas that were ultimately quashed by Magistrate Judge Roby and seeks reimbursement in the amount of $14,706.00. The Court finds that the attorneys' fees incurred in preparing subpoenas during the course of trial preparation were reasonably incurred and compensable. The subpoenas issued by R & R were the subject of motions

---

[1]    The *Johnson* factors are: 1) time and labor required; (2) novelty and difficulty of the issues; (3) skill required to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) experience, reputation and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) award in similar cases. *Id.*

to quash filed by GOL; some were granted, others were not. The Court recognizes that subpoenas are commonly issued and addressed during the course of trial proceedings and that counsel's work relating to such subpoenas was reasonably necessary to the litigation. Absent evidence suggesting that the subpoenas were improper, issued in bad faith, or meritless, the fees associated are compensable.

GOL also seeks a reduction for the fees associated with the three attorneys and one paralegal R & R brought to trial and billed for. The Court agrees that "[h]ours spent in duplicative activity or in the passive role of an observer while other attorneys perform [are] generally not recoverable." *Houston v. Coleman*, 202 F.3d 264 (5th Cir. 1999). However, in its reply, R & R explains that one of the attorneys at issue "drafted nearly all of the witness outlines" and "was extremely familiar with all of the exhibits and all of the discovery in the case." R. Doc. at 5. R & R further states that the paralegal assisted throughout trial by reviewing documents and pleadings for impeachment purposes. These responsibilities are inconsistent with the "passive role of an observer" characterization advanced by GOL. Moreover, GOL itself brought three attorneys to trial, which suggests that such staffing was consistent with the prevailing community standard. Accordingly, the Court finds that the attendance and participation of these attorneys and the paralegal did not constitute unnecessary duplication of effort, and that the associated fees are reasonable.

GOL also asserts that numerous other billing entries were inadequately documented or duplicative. The Court has reviewed the record and finds that the time entries are, in general, sufficiently documented. R & R submitted substantial documentation in support of its fee request. Although some entries are redacted to protect attorney-client privilege, R & R has offered to provide the unredacted versions to the Court for in camera review.

### 3. The Claims That Were Tried Can Be Segregated for Purposes of Awarding Attorney's Fees

GOL also seeks a reduction for the fees incurred in pursuing the Open Account claim and the related amendment to the complaint. R & R contends that both claims arose from the same underlying issue: GOL's failure to pay for the charter services rendered. However, because there was no cognizable claim under Louisiana law, the Open Account claim was meritless from the outset.

As noted in *Dardar v. T&C Marine*, a district court is not required to perform a precise lodestar calculation to reach a reasonable fee award and may, within its discretion, award only a reduced percentage of the fees requested where attorney's fees are recoverable for only part of the case, so long as the fee records are sufficiently documented. *Dardar v. T&C Marine, L.L.C.*, 2018 WL 3950396 (E.D.La 2018). Accordingly, a percentage reduction to R & R's requested fee is appropriate to account for the unsuccessful Open Account claim and the related amendment to the complaint, because fees are recoverable only for the breach of brokerage agreement claim.

### 4. Attorney's Fees Paid Directly by Plaintiff's Counsel are Not Compensable

R&R argues that the fees were incurred due to GOL's "meritless filing" and were required to "continue pushing R & R Boats' case to its successful conclusion." The Court agrees that the attorney's fees incurred in defending against the motion to disqualify were reasonably necessary to preserve plaintiff's continued representation in this matter and were incurred for the benefit of plaintiff in the course of this litigation. However, the record indicates that Lugenbuhl, the law firm representing Plaintiff's counsel, paid those defense costs itself and that Plaintiff was never personally liable for the fees arising from the defense. Accordingly, the damages award should be reduced by $27,919.13.

## V.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that R & R's Motion for Attorney's Fees and Costs is hereby **GRANTED**. **IT IS FURTHER ORDERED** that Defendants are ordered to pay R & R's reasonable attorneys' fees of $274,180.99, plus postjudgment interest of 3.47% per annum from date of this order until paid.

New Orleans, Louisiana, this 28th day of May, 2026.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE