**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **R & R BOATS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-01875** |
| **GOL, LLC** | **SECTION "L" (2)** |

<u>**ORDER & REASONS**</u>

Before the Court is Defendant GOL, LLC's ("GOL") Rule 59 Motion for a New Trial. R. Doc. 99. Plaintiff R&R Boats, Inc. ("R&R Boats") opposes the motion. R. Doc. 102. GOL replied. R. Doc. 107. Having considered the briefing, record, and applicable law, the Court rules as follows.

**I.    BACKGROUND:**

This case arose from the breach of a Brokerage Agreement entered into by R & R Boats and GOL. Under the terms of the Brokerage Agreement, GOL was required to use reasonable efforts to obtain from the charterer provisions for payment within a reasonable time. R & R Boats, under the Brokerage Agreement, performed work arranged by GOL, for charterer, Cox Operating, LLC ("Cox"), on several oil wells off the coast of Louisiana. Per the terms of the Master Time Charter, Cox was bound to pay GOL for any invoices within forty-five (45) days of receipt of the invoices. In turn, GOL was to remit net charter hire to R & R Boats within 15 days. GOL entered into the charter agreement with Cox despite knowledge that Cox was on the brink of bankruptcy and not paying their vendors.

On or about May 14, 2023, Cox did file for bankruptcy relief.  At the time of its bankruptcy filing, Cox scheduled GOL as holding a $24,804,863 unsecured prepetition claim. However, approximately 95% of the scheduled $24.8 million claim consisted of claims belonging to GOL's

1

operators, including R&R Boats' prepetition claim in the amount of $2,815,561.40. Cox requested that GOL enter into a "Trade Agreement." Under Cox's proposed terms, GOL would continue providing vessels to Cox on terms equal to or more favorable than those in place before the bankruptcy filing in exchange for a $13 million payment toward Cox's asserted $24.8 million prepetition claim against GOL. The proposed $13 million payment amounted to approximately 52% of the aggregate claims asserted by GOL's operators.  GOL accepted this $13 million payment, but neglected to remit any portion to R&R Boats or to inform R&R Boats of the opportunity to obtain some portion of that payment by providing post-petition services to GOL.

R & R Boats filed suit in the U.S. District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C § 1333, seeking damages for breach of contract.  At the time of the filing, R&R Boats had received none of the amounts owed under the invoices.

This matter came on for trial before the Court without a jury on January 13 and 14, 2026. The Court found for R&R Boats and on February 9, 2026, issued its Findings of Fact and Conclusions of Law (R. Doc. 91), awarding damages in the amount of $1,430,000, prejudgment interest of the rates fixed by La. R.S. § 9:3500(B)(1) from May 30, 2023 to date, post-judgment interest at the federal judicial rate of 3.47% per annum from date of judgment until paid, and reasonable attorneys' fees and costs.

## II.    PRESENT MOTIONS

Defendant GOL filed a motion styled "Motion for a New Trial and/or to Alter or Amend Judgement in Accordance with Fed. R. Civ. P. 59 and/or 52." R. Doc. 99-1 at 1. In its motion, GOL asserts that the ruling contains "manifest errors of law". *Id.* GOL re-urges similar arguments to those it made at trial—that the Court erred (1) in expanding the scope of GOL's alleged agency duties under the Brokerage Agreement, (2) in concluding that R & R Boats was entitled to a portion

of the funds GOL received from Cox and (3) in concluding that GOL owed R & R Boats a portion of its outstanding charter hire. *Id*.

R & R Boats opposes the motion. R. Doc. 102. It argues that GOL was given ample opportunity to make "every argument it desired to make" at each stage of the trial process. *Id.* at 2. It notes that no exhibit that GOL sought to introduce was denied from admission, nor was any witness proffered by GOL denied the opportunity to testify. *Id.* at 1. Moreover, R & R Boats contends that the Court has already considered all of these arguments and "properly disposed of them[;]" that GOL's motion merely "addresses the same issues GOL has raised, raised again, and raised again." *Id.* R & R Boats argues that the standard for establishing a "manifest error" in the context of Rules 52(b) and 59(e) is an onerous one, a high bar satisfied only under extraordinary circumstances, and that GOL cannot meet their burden to prove manifest injustice. *Id.* at 4–5. In candor to the Court, R & R Boats does point to a typographical error[1] in the proposed findings of fact and conclusions of law, and asks that the Court, under Rule 60(a), amend its findings "to the extent that [they] incorporate counsel's error". *Id.* at 9. R & R Boats also requests attorneys' fees for responding to GOL's motion. *Id.* at 1.

On reply, GOL essentially restates their earlier arguments. R. Doc. 107. GOL acknowledges the typographical error pointed out by R & R Boats and agrees that the Court should amend the Findings. *Id.* at 9. GOL argues that this error is "indicative of the conflating of [R & R Boats' arguments]." *Id.*

---

[1] R & R Boats' proposed findings of fact and conclusions of law include an extraneous and erroneous use of the word "Trade" preceding "Agreement" in the second clause, incorrectly referring to the "Trade Agreement" rather than the "Brokerage Agreement".

### III.    APPLICABLE LAW

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Shopf v. Griggers*, No. 17-10958, 2018 WL 1453214, at \*1 (E.D. La. Mar. 23, 2018); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Under Rule 59(e), a movant "must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact." *Henry v. New Orleans La. Saints, L.L.C.*, No. 15-5971, 2016 WL3524107, at \*2 (E.D. La. June 28, 2016) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "'Manifest error' is one that is 'plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rule 59(e) does not allow a movant "to rehash arguments which have already been raised before [the district] court," to advance "arguments that could have been offered or raised before entry of judgment," or "to argue [the] case under a new legal theory." *Naquin v. Elevating Boats*, L.L.C., 817 F.3d 235, 240 n. 4 (5th Cir. 2016) (quotations omitted). To prevail on a Rule 52(b) motion, the moving party must show that the court's findings of fact or conclusions of law are not supported by evidence in the record. *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986).

### IV.    DISCUSSION

The Court finds that GOL has failed to satisfy any of the grounds warranting a new trial under Rule 59(e) or amendment of the judgment under Rule 52(d). Specifically, GOL has identified neither an intervening change in controlling law nor newly discovered evidence. Instead, GOL argues that the Court's judgment constituted a "manifest error of law". R. Doc. 99-1.

GOL's motion is based on four principal contentions: (1) that the Court erred in finding that GOL acted as R & R Boats' collection agent; (2) that the Court erred in finding that GOL

4

breached the Trade Agreement; (3) that GOL did not, as a matter of law, breach the parties' brokerage agreement; and (4) that the Court erred in awarding outstanding charter hire to R & R where "no party disputes that Cox never paid the charter hire." *Id.* at 5–18.

R & R contends that the Court need not engage in further analysis of GOL's arguments under the Rule 59(e) manifest-error standard. R. Doc. 102 at 6. The Court agrees. Each of the foregoing issues was fully addressed at trial.

First, the Court did not err in finding that GOL acted as R & R Boats' collection agent. The evidence at trial established that GOL undertook responsibilities extending beyond the mere arrangement of charters and expressly agreed to "undertake all reasonable efforts to collect charter hire from the Charterer." R. Doc. 91 at 4. The Court's finding was grounded in the parties' contractual language, and GOL's conduct in pursuing payment from Cox on behalf of the Operators, including R & R Boats. *Id.* GOL's motion largely re-urges arguments previously presented and rejected at trial and fails to identify any manifest error of law or fact.

Second, the Court did not err in finding that GOL breached the Trade Agreement. Although the reference to breach of the "Trade Agreement," rather than the "Brokerage Agreement", originated from a typographical error by counsel, the Court agrees with R & R Boats that the conclusion is nevertheless supported by the record. The evidence established that GOL distributed portions of the Trade Agreement funds without regard to what services, if any,[2] the recipients had provided to Cox, whether prepetition or post-petition. Such distributions were not authorized by the terms or purpose of the Trade Agreement. *Id.* The Court further agrees with R & R Boats that, while breach of the Trade Agreement is not itself the basis for imposing liability to R & R Boats, the finding is nonetheless supported by the evidentiary record. The Court rejects GOL's assertion

---

[2] GOL paid entity RO Boats approximately $495,000 out of the $13 million that they received. RO Boats had "no prepetition claim against Cox whatsoever." R. Doc. 91 at 7.

that this error reflects anything more than a typographical mistake and does not constitute a "conflation" of the two agreements.

Third, the Court properly concluded that GOL breached the brokerage agreement as a matter of law. The Agreement expressly required GOL to "use reasonable efforts to obtain from the Charterer provisions for payment within a reasonable time" and to "undertake all reasonable efforts to collect charter hire from the Charterer." *Id.* at 10. Federal maritime law "embraces the general principles of agency." *Port Ship Service, Inc. v. International Ship Management and Agencies Service, Inc.*, 800 F.2d 1418 (5th Cir. 1986). Agency presents a fiduciary relationship, and thus fiduciary duties of loyalty, good faith, care, disclosure, and performance are owed. See Restatement (Third) of Agency §§ 8.01-8.12. The Court found that GOL knew, or reasonably should have known, that R & R Boats would have been interested in the opportunity to receive payment from the approximately $13 million Cox offered under the Trade Agreement in satisfaction of prepetition claims asserted by GOL on behalf of its Operators. R. Doc. 91 at 10. The Court determined that GOL's failure to even attempt to allocate any portion of the Trade Agreement funds toward R & R Boats' approximately $2.8 million prepetition claim did not satisfy the reasonable-efforts standard imposed by the Agreement. *Id.* GOL's motion identifies no intervening change in law, newly discovered evidence, or manifest error that would justify disturbing those findings.

Fourth, the Court did not err in awarding outstanding charter hire to R & R Boats notwithstanding the fact that Cox never ultimately paid the charter hire directly. The Court's ruling was not predicated on a finding that GOL was liable for the amounts owed. Rather, liability arose from GOL's breach of its contractual and agency obligations to exercise reasonable efforts to secure payment and protect R & R Boats' interests in the available settlement funds. The damages

6

awarded flowed from GOL's failure to discharge those duties, not from any independent finding that Cox itself did not satisfy the charter-hire obligations.

The Court further agrees with R & R Boats that GOL had ample opportunity to present these arguments during the proceedings. As R & R Boats notes, no exhibit GOL sought to introduce was excluded, and no witness proffered by GOL was denied the opportunity to testify. Absent newly discovered evidence, manifest error, or other grounds cognizable under Rule 59(e), GOL cannot use its post-judgment motion simply to rehash arguments previously raised or to advance arguments that could have been presented before judgment. *See Naquin*, 817 F.3d at 240.

Overall, the Court affirms its prior order. The Court does, however, acknowledge the typographical error identified by counsel. Pursuant to Rule 60(a), the Court will amend the judgment solely to correct that clerical error. In all other respects, GOL's motion is denied, and the Court otherwise affirms its prior Order and Judgment. The Court, in its discretion, also denies R & R Boats' request for attorneys' fees in connection with responding to GOL's Motion for a New Trial.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that GOL's Motion for a New Trial, R. Doc. 99, is **DENIED.**

New Orleans, Louisiana, this 29th day of May, 2026.

United States District Judge